IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OKORO, | No. C 13-2553 CW |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (Docket No. 23) |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, a banking subsidiary; and DOES 1 through 20, inclusive, | |
| Defendants. | |

Plaintiff Sylvester Okoro moves the Court for leave to file an amended complaint. Defendant U.S. Bank National Association opposes the motion. Having considered the papers submitted by the parties, the Court denies Plaintiff's motion for leave to file an amended complaint.

BACKGROUND

In August 2006 Defendant hired Plaintiff as a branch manager at the Fairway Park branch in Hayward, California. In April 2009 Plaintiff was transferred to the Bayfair branch in San Leandro, California. Throughout his employment as a branch manager, Plaintiff was classified as exempt under California law. Defendant terminated Plaintiff in November 2011.

In August and September 2012 Plaintiff filed two complaints to the California Division of Labor Standards Enforcement (DLSE). Plaintiff alleged that he had been misclassified as exempt, and that he was owed overtime premium wages, meal and rest period premiums, and penalties for late-paid wages. Plaintiff limited

his claims to the time period that he worked in the Bayfair branch.  In April 2013 the DLSE issued an order, and in May 2013 Plaintiff filed an appeal of the order to the Alameda County Superior Court.  Defendant subsequently removed on the basis of diversity jurisdiction.

Plaintiff moves for leave to amend to add Donna Nullmeyer and Fred Palmer as plaintiffs.  Nullmeyer was hired by Defendant in 2003 and worked as a branch manager in the Alameda and Fremont branches.  She resigned in June 2011.  Palmer was hired by Defendant in 2004 and worked as a branch manager in several branches in the East Bay until July 2010.  Plaintiff alleges that Defendant misclassified Nullmeyer and Palmer as exempt and that they were not paid the overtime wages earned at the date of the termination of their employment.  Plaintiff also alleges that Defendant did not pay Palmer the bonus that he earned as of the date of his termination.

                              DISCUSSION

A court determining whether to grant a motion to amend to join additional plaintiffs must consider the joinder requirements of Federal Rule of Civil Procedure Rule 20(a).  Under Rule 20(a)(1), parties may join in one action as plaintiffs where "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1).  Rule 20 is construed liberally "in order to promote trial convenience and to expedite the final determination of disputes."  League to Save

2

Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F. 2d 914, 917 (9th Cir. 1977).

## DISCUSSION

Plaintiff fails to satisfy both the first and second prongs of the test for permissive joinder. The first prong, the "same transaction" requirement, "refers to the similarity in the factual background of a claim." Coughlin, 130 F.3d at 1350. Plaintiff contends that the proposed plaintiffs, like him, work as branch managers in the East Bay and were similarly misclassified as exempt from overtime and other wage-and-hour requirements. However, as Defendant points out, the determination of whether an individual qualifies as exempt is a "fact-intensive inquiry." In re Wells Fargo Home Mortgage Overtime Litigation, 571 F.3d 953, 958 (9th Cir. 2009). The Court must "conduct an individualized analysis of the way each employee actually spends his or her time" and "determine how much of that work is exempt." Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 945 (9th Cir. 2009). Here, the three branch managers worked at three different branches for different lengths of time. The claims of Plaintiff and the other proposed plaintiffs are based on dissimilar and individualized facts. Accordingly, the Court finds that the proposed plaintiffs' claims are not sufficiently related to constitute part of the same transaction or occurrence.

Plaintiff also fails to satisfy the second prong of the test for permissive joinder: a common question of law or fact. Plaintiff contends that Defendant's policy of classifying non-exempt workers as exempt establishes a common legal and factual question. As stated above, the three branch managers worked in

3

different branches at different times. The Ninth Circuit has stated that "the mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact." Coughlin, 130 F.3d at 1351 (9th Cir. 1997). Where there are different factual circumstances underpinning the same cause of action, "each applicant or petitioner presents a different factual situation." Id. Accordingly, the Court finds that Plaintiff's and the proposed plaintiffs' claims do not establish a common question of law or fact.

CONCLUSION

Accordingly, the Court DENIES Plaintiff's motion for leave to file an amended complaint. If the proposed new plaintiffs choose to file complaints in the Northern District of California, they may file a notice that these cases are related to the above-entitled case. The Court will consider relating the new cases to the instant case and coordinating the discovery and case management schedules.

IT IS SO ORDERED.

Dated: 11/25/2013

CLAUDIA WILKEN
United States District Judge